BERGER v. BUGE (two cases)

(Supreme Court, Appellate Term.   June 5, 1908.)

1. APPEAL AND ERROR—REVERSAL—GROUNDS.
   Where, on motion to modify a Municipal Court judgment for plaintiff, the justice files a memorandum denying the motion solely because made too late, and showing that in rendering a decision on the trial he had not taken into account an item in defendant's favor which was practically undisputed, the judgment must be reversed.

2. SAME—REVIEW—HARMLESS ERROR—BENEFICIAL ERROR.
   Where, in an action for services, the plaintiff claimed $220.50, which was not successfully disputed by defendant, on appeal from a judgment awarding plaintiff only $85, defendant cannot be heard to complain, and the judgment will be affirmed.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4052–4062.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Actions by Simon Berger against Bernhard A. Buge for work and labor and for services rendered. From a judgment for plaintiff in both actions, defendant appeals. Reversed, and new trial ordered, in first action; and judgment affirmed, in second action.

Argued before GILDERSLEEVE, P. J., and DAYTON and GE-RARD, JJ.

William R. Hill, for appellant.
Harry Greenberg, for respondent.

GILDERSLEEVE, P. J.   Plaintiff brought two actions to recover for work, labor, and services rendered the defendant. In action No. 79 he claimed that he performed certain work upon the halls in the defendant's tenement house under a contract, for which it was agreed he was to receive the sum of $450. It was admitted that he had been paid $100, and also agreed upon by the parties that the sum of $95 should be deducted from the amount due the plaintiff to satisfy a mechanic's lien upon the premises. The contention of the defendant was that the agreed contract price was but $250, and that, the plaintiff failing to fully perform all the work called for in his contract, the defendant was compelled to complete it at an expense of $150. The court below gave the plaintiff a judgment for $105 in this action.

This amount is seemingly made up by allowing the plaintiff's contention that $450 was the agreed contract price and deducting therefrom the $100 paid him, the $95 as the amount of the lien, and the $150 paid by defendant in completing the work, thus leaving the judgment as above stated. It appears, however, that the defendant made

·a motion to modify this judgment, claiming that the testimony clearly showed that the· contract price was $250, and that, crediting the defendant with his payment and the lien and the ,amount of his counterclaim for money paid in completing the work, the defendant, and not plaintiff, should have judgment. This motion was denied, but the justice in a memorandum decision says that he denies the motion solely upon the ground that it was not made in time, and that, "if it had been,.I would have made allowance for the $150, or a proper share of it, expended by defendant." It thus appears that in making up the judgment the court took no notice of the defendant's claim of $150, of which amount there was substantially no dispute. It would seem, therefore, that the interests of justice require that in that action there should be a new trial.

In action No. 80 the plaintiff claimed and proved that his services upon the apartments of the defendant were worth $220.50. This was not successfully disputed by defendant. As the court below only gave the plaintiff judgment for $85, it is difficult to see how the defendant is aggrieved .thereby. This judgment should therefore be affirmed.

Judgment in action No. 1 reversed, and new trial ordered, with costs to appellant to abide the event. Judgment in action No. 2 affirmed, with costs. All concur.